*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8682-GHK (JCx) | Date | September 28, 2011 |
|---|---|---|---|
| Title | *Yvette McKoy v. Kaiser Foundation Health Plan, Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order Remanding Case to State Court

　　　　Consistent with her position at the September 16, 2011 status conference, Plaintiff Yvette McKoy ("Plaintiff") filed a Fourth Amended Complaint ("4AC") on September 21, 2011, that only asserts claims under state law and does not assert claims for breach of the implied contract of continued employment or for breach of the implied covenant of good faith and fair dealing, which we previously held were completely preempted by the LMRA. (Dkt. No. 41). Further, Plaintiff's statement of jurisdiction states that the case arises under the laws of the State of California and makes no allegations of diversity jurisdiction.

　　　　As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). We have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal quotation marks omitted). Additionally, if a case does not arise under federal law, we have original jurisdiction only where there is "diversity of citizenship." 28 U.S.C. § 1332. "[J]urisdiction founded on 28 U.S.C. § 1332 requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003). "[D]iversity is not complete if any plaintiff is a citizen of the same state as any defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990).

　　　　As discussed above, the 4AC only alleges claims arising under state law. Therefore, it does not appear that this case presents a federal question. As both the Plaintiff and Defendant are California citizens, (4AC ¶ 5-6), it does not appear that diversity jurisdiction exists. Accordingly, this case is hereby **REMANDED** to the state court from which it was removed.

　　　　**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：　　　　　

Initials of Deputy Clerk    IR for Bea